IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BERNARD KATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-06-114 ALR |
| | ) | |
| SIDNEY MAFFETT, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 23, 2019
Decided: January 9, 2020

***Upon Defendant's Motion for Summary Judgment***
**GRANTED**

**ORDER**

Upon consideration of Defendant's motion for summary judgment; the opposition thereto filed by Plaintiff; the facts, arguments, and authorities set forth by the parties; the Superior Court Rules of Civil Procedure; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Plaintiff is an individual who controls a limited liability company ("Buyer Entity"). Defendant is an individual who is the managing member of a limited liability company ("Seller Entity"). A limited liability company is a legal entity that is separate and distinct from its members.[1]

---

[1] *See, e.g.*, *Harner v. Westfield Ins. Co.*, 2018 WL 6721765, at *3–4 (Del. Super. Dec. 12, 2018); *Poore v. Fox Hollow Enters.*, 1994 WL 150872, at *2 (Del. Super. Mar. 29, 1994).

2.	Buyer Entity purchased a parcel of real property ("Property") from Seller Entity pursuant to a written sale agreement on July 10, 2014 ("Sale"). Plaintiff executed the sale agreement on behalf of Buyer Entity, and Defendant executed the sale agreement on behalf of Seller Entity. To fund the purchase, Buyer and Plaintiff co-signed a purchase money note for $500,000 in favor of Seller Entity.

3.	On June 13, 2019, Plaintiff filed this action asserting one claim of misrepresentation in connection with the Sale. The Complaint alleges that (1) Defendant sold the Property to Plaintiff, (2) Defendant intentionally concealed rust build-up on the roof of a warehouse located on the Property to induce Plaintiff to purchase the Property "as is," (3) Defendant knew or should have known that the warehouse was in violation of two sections of the City of Wilmington Building Code, and (4) Plaintiff would not have purchased the Property had Defendant disclosed the rust build-up and building code violations to Plaintiff prior to settlement.

4.	Defendant initially filed the instant motion as a motion to dismiss but because Defendant submitted various supplemental materials with the motion, the Court converted Defendant's motion to dismiss into a motion for summary judgment[2] and afforded the parties additional time to present all materials pertinent to such a motion.

---

[2] *See* Super. Ct. Civ. R. 12(b).

5.     The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[3]  A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[4]  The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[5]  At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[6]  Summary judgment is only appropriate if Plaintiff's claim lacks evidentiary support such that no reasonable jury could find in Plaintiff's favor.[7]

6.     Defendant asserts four grounds for granting the motion:  (1) Plaintiff lacks standing to bring his claim because Plaintiff was not the buyer; (2) Plaintiff's claim is not properly brought against Defendant because Defendant was not the seller; (3) the Complaint does not plead misrepresentation with sufficient

---

[3] Super. Ct. Civ. R. 56(c).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[5] *Id.*
[6] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[7] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

3

particularity, as is required by Superior Court Rule of Civil Procedure 9(b);[8] and (4) Plaintiff's claim is barred by the applicable three-year statute of limitations.

7.      Plaintiff opposes Defendant's motion.

8.      The Complaint alleges that Plaintiff purchased the Property from Defendant; however, the written sale agreement states that the transaction occurred between Buyer Entity and Seller Entity, and Plaintiff has produced no evidence to the contrary.

9.      To succeed in an intentional misrepresentation claim,[9] a plaintiff must prove the following:

> (1) the defendant falsely represented or omitted facts that the defendant had a duty to disclose, (2) the defendant knew or believed that the representation was false or made the representation with a reckless indifference to the truth, (3) the defendant intended to induce the plaintiff to act or refrain from acting, (4) the *plaintiff* acted in justifiable

---

[8] *See* Super. Ct. Civ. R. 9(b) ("In all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity.").

[9] The Court construes Plaintiff's misrepresentation claim as one for intentional misrepresentation. While the Complaint does not explicitly state that the claim is for intentional misrepresentation, it describes Defendant's conduct as "intentional." In addition, "'[i]t is well-settled Delaware law that the Chancery Court has exclusive jurisdiction over claims of negligence [sic] misrepresentation.' 'The one exception to the exclusive jurisdiction of the Chancery Court would be cases where the negligent misrepresentation claim is raised in the context of the Consumer Fraud Act.'" *Optical Air Data Sys. v. L-3 Commc'ns Corp.*, 2019 WL 210543, at *1 (Del. Super. Jan. 14, 2019) (quoting *Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *11 (Del. Super. Feb. 15, 2013)) (alterations omitted). Plaintiff's misrepresentation claim is not raised under the Consumer Fraud Act and therefore cannot be asserted as a negligent misrepresentation claim in the Superior Court.

reliance on the representation, and (5) the plaintiff was injured by its reliance.[10]

In other words, Plaintiff must prove not only that Defendant made a false representation to induce Plaintiff to act but also that Plaintiff acted in reliance on that representation.

10.    Plaintiff claims to have purchased the Property in reliance on Defendant's alleged misrepresentations.  While Plaintiff may have caused Buyer Entity to purchase the Property, Buyer Entity, not Plaintiff, actually purchased the Property.  Therefore, even if Plaintiff can prove that Defendant falsely represented the building's condition and compliance with the Wilmington Building Code, Plaintiff lacks standing to pursue a claim of intentional misrepresentation.

11.    Notwithstanding Plaintiff's lack of standing, Defendant is entitled to judgment as a matter of law based on statute of limitations grounds.  A three-year statute of limitations applies to Plaintiff's misrepresentation claim.[11]  Assuming

---

[10] *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 958 (Del. 2005) (emphasis added).

[11] *See* 10 *Del. C.* § 8106(a) ("[N]o action based on a promise . . . and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action . . . ."); *see also Van Lake*, 2013 WL 1087583, at *6 ("Pursuant to 10 *Del. C.* § 8106, claims 'arising from a promise,' including fraud, must be brought within three years after the claim has accrued."); *Lee v. Linmere Homes, Inc.*, 2008 WL 4444552, at *3 (Del. Super. Oct. 1, 2008) (applying 10 *Del. C.* § 8106 to a fraudulent misrepresentation claim in connection with the sale of a home);

*arguendo* that Plaintiff has standing to bring his claim, the cause of action would have accrued on July 10, 2014—the date of settlement—at the latest.[12] Plaintiff filed this action on June 13, 2019, nearly five years after the accrual date. Therefore, Plaintiff's claim is time-barred.

12. Accordingly, Defendant is entitled to judgment as a matter of law.[13]

**NOW, THEREFORE, this 9th day of January 2020, Defendant's motion for summary judgment is hereby GRANTED and JUDGMENT is entered in favor of Defendant.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

---

[12] *See Linmere Homes, Inc.*, 2008 WL 4444552, at *3 ("Generally, where a plaintiff alleges claims of breach of contract, fraudulent misrepresentation, and negligence related to the purchase of a home, the statute of limitations begins to run on the date of the settlement or closing.").

[13] Because the Court finds that Defendant is entitled to judgment as a matter of law based on Plaintiff's lack of standing and the expiration of the statute of limitations period, the Court does not address the merits of Defendant's other arguments.